IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY MAX CHAMBERS                                                                           PLAINTIFF

       v.                          Civil No. 6:21-cv-06051

SUPERVISOR JOE JONES;
SHERIFF MIKE MCCORMICK,
ET AL.                                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to prosecute.

### I. DISCUSSION

This is a civil rights action filed by the Plaintiff, Gary Max Chambers ("Chambers"), pursuant to 42 U.S.C. § 1983. Chambers proceeds *pro se*. When Chambers filed the Complaint (ECF No. 1), he was incarcerated in the Garland County Detention Center ("GCDC").

By Order (ECF No. 2) entered on April 28, 2021, Chambers was directed to file an amended complaint and an application to proceed *in forma pauperis* ("IFP"). The amended complaint and IFP application were to be filed by May 27, 2021. Chambers was advised that if he failed to comply with the Order the case "shall be subject to dismissal." Chambers was also specifically advised (ECF No. 2) that he was required to immediately inform the Court of any change of address. If Chambers was transferred or released, Chambers was told he must advise

the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On June 4, 2021,[1] the mail sent to Chambers on **April 28, 2021**, was returned to the Court as undeliverable (ECF No. 4) with a notation that Chambers was no longer at the GCDC. The returned mail included the Court's Order (ECF No. 2) requiring the filing of an Amended Complaint, an IFP application, and informing Chambers of his obligation to advise the Court of any changes in his address. The Court has not had a valid address on Chambers since late April or early May of 2021.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Chamber's failure to prosecute this case and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in**

---

[1] Nothing before the Court explains why mail sent on April 28th was not returned as undeliverable until June 4th.

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of July 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE